THE PEOPLE OF THE STATE OF CALIFORNIA, Appellants, *v.* JOSIAH GORDON and WILLIAM T. WARREN, Respondents.

The administering of the oath, as provided by statute, to a person who is challenged for not being a qualified voter, is a matter in the discretion of the judges of the election.

If the person challenged should admit that he had not been naturalized, or that his certificate of naturalization had been issued by a Court known to have no jurisdiction of the subject matter; or in case of a citizen whose right to vote was well known, the judges could, very properly, decline administering the oath.

But they have no right to require the production of the certificate of naturalization by the party challenged.

When the judges have administered the oath, the right to vote is concluded, and it is error to deny it.

WRIT OF ERROR from the Court of Sessions of El Dorado County.

The Court below gave judgment for the defendants, upon the facts as they appear in the opinion of the Court.

*J. R. McConnell*, Attorney General, and *Thomas H. Hewes*, for the people, in support of the indictment, cited Comp. L., p. 778, § 29. If the statute is not sufficiently clear, a long and uninterrupted practice under it is good evidence of its construction. McKeer *v.* Delancey, 5 Cranch, 22. 2 Scam., 408, 416. The duties of the inspectors are ministerial not judicial. 4 Cow., 323. 9 Mass , 162. 9 Ib., 492.

*Newell & Williams*, and *Robertson, Sanderson & Hume*, for Respondents.

No brief on file.

HEYDENFELDT, J., delivered the opinion of the Court. MURRAY, C. J., and BRYAN, J., concurred.

The defendants were Judges of Election, and were indicted for refusing to receive the vote of one Binswanger, who was challenged on the ground of alienage. The defendants declined administering the oath of qualification, upon the ground that the certificate of naturali-

zation was the best evidence, and that Binswanger should have produced it. This was certainly an erroneous conclusion. The 29th section of the election law provides, that to the person challenged, the Board of Judges, in their discretion, may administer an oath, &c.; and the 30th section provides, "If the person thus challenged shall take the oath as tendered to him by the Board of Judges, he shall be admitted to vote," &c.

One of the allegations of the indictment is the refusal of the judges to administer the oath. It will be seen, however, from the above quoted section of the law, that this is a matter left to their discretion; and very properly so, because in many instances it might be an act of supererogation. If the challenged party, upon being questioned, was to admit that he had not been naturalized, or that his naturalization certificate had been issued by some Court which the Judges knew, according to the rules of law, had no jurisdiction of that subject, or in the case of a citizen well known, whose simple answer was a sufficient guarantee of his right to vote; in all these cases, the Judges might very properly, in their discretion, decline to administer the oath. But they have no right to require the production of the certificate of naturalization, because the statute expressly provides a lower standard of evidence as sufficiently enabling.

And when, in the exercise of their discretion, the Judges have once administered the oath, and it has been taken, the right to vote is concluded, and it is error to deny it. The party swearing falsely, and voting without right, is punishable under the provisions of the criminal code, and that alone is intended as a remedy.

While an important part of the object of the election law is to guard the ballot box against illegal voters, it is an equally important feature to simplify and facilitate the process of voting; and this could not be successfully effected, if resort was to be had in every case of challenge of a voter, to a trial requiring the highest order of evidence, and an inspection of written and sealed certificates, involving an inquiry into their genuineness, objections to their form, and all the various litigous points which are usual in a trial at law.

The judgment is reversed, and cause remanded.